433 F.2d 943
 PENN CENTRAL COMPANY (formerly the Pennsylvania Railroad
Company), a corporation, and the Philadelphia,
Baltimore and Washington Railroad
Company, a corporation,
Plaintiffs-Appellees,
v.
CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a
corporation(formerly Chicago, Milwaukee and St.
Paul Railway Company), Defendant-Appellant.
 No. 18120.
 United States Court of Appeals, Seventh Circuit.
 Oct. 30, 1970.
 
 William J. Harte, James P. Reedy, Chicago, Ill., for defendant-appellant.
 Edward R. Gustafson, Chicago, Ill., for plaintiffs-appellees.
 Before KILEY and KERNER, Circuit Judges, and REYNOLDS, District judge.[1]
 KERNER, Circuit Judge.
 
 
 1
 This is an appeal from a diversity action brought by plaintiff-appellee, Penn Central Company (Penn Central), to recover an amount under an indemnification contract from defendant-appellant, Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Chicago, Milwaukee). The district court granted Penn Central's motion for summary judgment and ruled that the money recoverable under the contract included the amount of a judgment plus interest on that judgment at 5% Per annum from the date of its entry. We affirm.
 
 
 2
 In 1903, Penn Central gave Chicago, Milwaukee the right to operate its trains on Penn Central's right-of-way in Chicago, Illinois. A tracking agreement, establishing the terms and conditions of the arrangement, contained a clause by which Chicago, Milwaukee agreed to '* * * pay all judgments and costs that may be rendered against the said * * * (Penn Central) * * * Company by reason of or arising out of the operation of the said * * * (Chicago, Milwaukee) * * * Company in its use of said track. * * *'
 
 
 3
 In 1959, one of Chicago, Milwaukee's trains, while operating on Penn Central's tracks, injured a minor, Harry Lee Edwards, who subsequently instituted suit against both Penn Central and Chicago, Milwaukee. On June 6, 1962, a verdict was returned for Edwards in the amount of $275,000, which was reduced to $200,000 by reason of an agreement between Edwards and Chicago, Milwaukee. Penn Central unsuccessfully appealed the verdict through the Illinois courts and to the Supreme Court of the United States.
 
 
 4
 On July 9, 1968, Penn Central paid Edwards $264,946.90 of which $64,946.90 was interest on the $200,000 judgment entered in 1962. It brought this action in the district court to recover the full $264,946.90 plus costs and attorneys' fees from Chicago, Milwaukee, relying on the indemnity clause of the tracking agreement. The district judge ordered Chicago, Milwaukee to reimburse Penn Central for the judgment plus 5% Interest per annum on the judgment from the date of its entry; and denied attorneys' fees and cost of printing briefs on appeal.
 
 
 5
 Chicago, Milwaukee argues that it is not liable for interest because the indemnification clause specified reimbursement for the judgment and costs only. Under Illinois contract law, which we are required to apply here, Wm. J. Lemp Brewing Co. v. Ems Brewing Co., 164 F.2d 290, 293 (7th Cir. 1948), the Illinois Interest Act, Ill.Rev.Stat. Ch. 74, Sec. 2, governs the interpretation of this contract. Holbrook v. Institutional Insurance Company of America, 369 F.2d 236, 242 (7th Cir. 1966); Chicago & N.W.R. Co. v. Chicago Packaged Fuel Co., 99 F.Supp. 361 (N.D.Ill., 1951), reversed on other grounds, 195 F.2d 467 (7th Cir. 1952). Section 2 of the Act requires payment of interest at 5% Per annum '* * * for all moneys after they become due * * *' based on a written instrument. The only requirement for the operation of this section is that the sum, which is the basis for the contractual obligation, be liquidated or subject to exact computation. Hamilton Watch Co. v. George W. Borg Corp., 317 Ill.App. 271, 46 N.E.2d 112 (1942). The present judgment of $200,000 is a specific and ascertainable amount and subject to the statutory interest.
 
 
 6
 In addition, the interest begins to run at the date of the entry of the judgment after trial and not, as Chicago, Milwaukee contends, after exhaustion of the appeal process. Standard Oil Co. of Ind. v. Daniel Burkhartsmeier Cooperage Co., 333 Ill.App. 338, 77 N.E.2d 526 (1948). At the time of its entry, the judgment became liquidated and is subject to interest under the provisions of the Interest Act.
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The Honorable John W. Reynolds is sitting by designation from the United States District Court for the Eastern District of Wisconsin